# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s):** 21-16618

**Case Name:** Anthony Sessa, et al v. Ancestry.com Operations Inc., et al

**Counsel submitting this form:** Shon Morgan, John W. Baumann, Cristina Henriquez (Quinn Emanuel Urquhart & Sullivan, LLP)

**Represented party/parties:** Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs Anthony and Mark Sessa take issue with public pictures and information from their decades-old, public, school yearbooks being viewable and available on Ancestry.com. On those grounds, plaintiffs filed a purported class action against Ancestry.com Operations Inc., Ancestry.com Inc, and Ancestry.com LLC (collectively, "Ancestry"), asserting four causes of action: (1) violation of Nevada's right of publicity statute, (2) violation of the Nevada Deceptive Trade Practices Statute, (3) intrusion upon seclusion, and (4) unjust enrichment.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                 *1*                            Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

Ancestry moved to dismiss and strike plaintiffs' complaint on various grounds, including through a special motion to strike pursuant to Nevada's anti-SLAPP statute (Nev. Rev. Stat. §41.637). The court dismissed all but one of plaintiffs' claims, their right of publicity claim. The court denied Ancestry's special motion to strike under Nevada's anti-SLAPP statute. Ancestry appeals the denial of its anti-SLAPP motion. Because plaintiffs' claims are based on Ancestry's "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern[,]" Ancestry "is immune from any civil action for claims based upon the communication[,]" including the suit at hand. The yearbooks available on Ancestry's public website are documentary, historical and cultural records of activities at schools and towns across the country. Because plaintiffs' action seeks to inhibit speech in connection with an issue of public interest, they must demonstrate it is probable they will succeed on the merits. Nev. Rev. Stat. §41.660(3)(b). But plaintiffs cannot carry their burden. Their suit is subject to dismissal on various grounds, including that plaintiffs have not suffered an injury-in fact, Ancestry is immune under Section 230 of the Communications Decency Act, the claims are preempted by Section 301 of the Copyright Act, and the conduct at issue falls within the exceptions of Nevada's right of publicity act.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

This is one of four virtually identical class actions plaintiffs' counsel has filed against Ancestry, another of which is also on appeal to the Ninth Circuit from the district court's order granting Ancestry's motion to dismiss. See Callahan v. Ancestry.com Inc., Case No. 3:20-cv-08437-LB (N.D. Cal.); Callahan v. Ancestry.com Inc., Case No. 21-16161 (9th Cir.); Bonilla v. Ancestry.com Inc., Case No. 1:20-cv-07390 (N.D. Ill.), Zhang v Ancestry.com Operations Inc., Case No. 4:21-cv-07652-JST (N.D. Cal.).

**Signature** s/Shon Morgan  **Date** 10/08/2021

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**     *2*     Rev. 12/01/2018